JACHARLES R. JONES, Judge.
The Appellants, Paula Parker, Pauline Reese Collins, and Ahmad Parker, appeal the judgment of the district court denying their Motion for Preliminary Injunction, dissolving their Temporary Restraining Order, denying their Motion for Contempt, and imposing sanctions upon Ms. Parker in the amount of $5000. Additionally, Ms. Parker filed a writ application seeking a stay of the judgment rendered by the district court ordering her to pay the estimated costs of the instant appeal. We consolidated the writ application with this appeal. The Appellants have also filed in this Court a Motion for Return of All Amounts Paid Above $5000 Judgment Amount Ordered by the Civil District Court (sic), and Appellees responded with a Motion to Dismiss. We affirm the judgment on appeal, grant the writ application, and dismiss the Motion for Return of All Amounts Paid Above $5000 Judgment Amount Ordered by the Civil District Court (sic).
FACTS AND PROCEDURAL HISTORY
This matter commenced on January 19, 2001, when the Appellants, Paula Parker, et al., filed a Petition for Damages and Injunctive Relief. The Appellants filed the *291 instant action in response to Chimneywood Homeowners’ Association’s (hereinafter “Chimneywood”) election to terminate the water supply leading to Ms. 1 ¡¡Parker's condominium. Chimneywood terminated Ms. Parker’s water supply for failure to pay assessments in excess of $500. Ms. Parker paid a portion of her $226 monthly assessment. Specifically, she paid $149 of the assessment which she indicated included the water services, and refused to pay $50 for a special assessment, and $27 for a recreational fee. On January 22, 2001, a Temporary Restraining Order was issued on behalf of the Appellants and against Chimneywood, “... restraining and enjoining the continuing deprivation of plaintiffs’ water services.... ” On January 29, 2001, the Appellants filed a Motion for Contempt for Chimneywood’s failure to observe the Temporary Restraining Order. On February 16, 2001, Chimneywood filed a Motion to Dissolve Temporary Restraining Order and For Sanctions. At the Preliminary Injunction hearing on March 13, 2001, the district court denied the Motion for Preliminary Injunction, denied the Motion for Contempt, dissolved the Temporary Restraining Order, and took the matter of sanctions under advisement. In a judgment signed April 6, 2001, the district court reduced to writing the oral disposition given at the hearing and further sanctioned Paula Parker $5,000. On April 3, 2001, prior to the signing of the judgment, the district court granted the Motion for Appeal. Following the April 6, 2001 judgment, a Notice of Appeal was signed on May 28, 2002. Ms. Parker now appeals[1] the judgment of the district court.
Additionally, Ms. Parker filed a writ application seeking review of the district court’s judgment of April 29, 2003, determining Ms. Parker ineligible to proceed in forma pauperis. On June 14, 2002, Judge Madeleine Landrieu, apparently the duty judge, granted the “[In] Forma Pauperis” Application with the | ..¡additional handwritten language “for appeal costs” added to the title filed by Ms. Parker. On August 23, 2002, the Clerk of Court for the Civil District Court for the Parish of Orleans filed a Rule to Show Cause why Ms. Parker’s appeal should not be dismissed because of her failure to pay the appeal costs. Payment of the estimated costs of $4,166.10 was allegedly due on June 17, 2002. On October 25, 2002, the district court held a contradictory hearing on the Rule to Show Cause. Following the hearing, the district court requested supplemental briefs and took the matter under advisement. While the case was under advisement, the appeal record was lodged in this Court on December 10, 2002. The Appellant’s brief was filed on March 7, 2003, and the Appellee’s brief was filed on March 20, 2003. The case was scheduled for submission to a three-judge panel on June 4, 2003. However, on April 29, 2003, the district court issued a judgment reversing Ms. Parker’s status as a pauper for lack of jurisdiction. This judgment forms the basis of the writ application.
While this matter was under review by this Court, the Appellants have filed a Motion for Return of All Amounts Paid Above $5000 Judgment Amount Ordered by the Civil District Court (sic), alleging that wages are continuing to be garnished although the $5000 Judgment has been satisfied. The Appellants aver that when informed by Attorney Clare Jupiter’s office that they were not in possession of any records indicating the amount required to *292 satisfy the judgment, Ms. Parker mailed a demand letter with the judgment attached, requesting a balance on the garnishment account or a release letter. Ms. Parker further avers that Dr. James Lloyd of the Orleans Parish Schools Payroll Department responded with a letter to Attorney Jacob Kansas incorrectly referring to the amount owed as $5000 plus costs of garnishment proceedings. Instead, Ms. Parker argues that the |4$5000 judgment included any fees and costs. The Appellees filed a Motion to Dismiss Appellant’s Motion for Return of All Amounts Above $5000 Judgment Amount Ordered by the Civil District Court alleging that the motion was in violation of Rule 2-7.2 of the Uniform Rules, Courts of Appeal, for failing to bear “a certificate showing that a legible copy thereof has been delivered or mailed to opposing counsel of record, and to each opposing party not represented by counsel, and showing the date of service thereof.” Absent the certificate, the motion “shall not be filed or docketed.” Further, the Appellees argue that the motion violates Rule 2-14.2 of the Uniform Rules, Courts of Appeal, for failing to demonstrate service “evidenced by a certificate listing all parties and all counsel, indicating the parties each represents, and showing how and when such service was accomplished.”
DISCUSSION
Before addressing the issues raised on appeal, we will discuss the writ application. The district court took the issue of costs of this appeal under advisement until after the appeal in this matter was lodged in this Court. Ms. Parker argues that she should have been allowed to proceed in forma pauperis in this case, allowing her to avoid paying the costs associated with this appeal. Ms. Parker further argues that the district court was not divested of jurisdiction until an appeal bond is paid, which she did not secure. The Appellees argue that the district court lacked the jurisdiction to rule on Ms. Parker’s status as a pauper.
La. C.C.P. art. 2088 divests the district court of jurisdiction over all matters in the case reviewable under the appeal, and the district court retains original jurisdiction to “set and tax costs” even after the appeal is lodged. The issue of Ms. Parker’s status as a pauper was not a part of the instant appeal, and it directly | ¿impacts her ability to pay costs. Accordingly, the district court was the proper forum for the resolution of whether Ms. Parker should proceed in forma pauperis. See Thomisee v. Pearson, 446 So.2d 568 (La.App. 3rd Cir.1984); Marcum v. Inter-Ocean Insurance Company, 402 So.2d 222 (La.App. 1st Cir.1981). Clearly, the legislature intends for the district court to serve as an administrator of costs, appeal costs included, even after the appeal is lodged in the appellate court. See La. C.C.P. art. 2126. Additionally, determining whether a person should proceed in forma pauperis is a fact determination.
Any issue raised by facts occurring after the appealed judgment is not reviewable on appeal because the determinative facts do not appear in the record. Such an issue must be raised by application to the trial court, which has original fact-finding jurisdiction. Once the issue is decided by the court of original jurisdiction, this court can review that decision under our appellate jurisdiction, perhaps by consolidation with the original appeal, or under our supervisory jurisdiction, if justification is shown in an application for supervisory writs.
Acosta v. Masters, 336 So.2d 948 (La.App. 4th Cir.1976) (J. Lemmon concurrence).
Accordingly, the district court retained jurisdiction to grant the in forma pauperis *293 application on June 14, 2002, after the Motion and Order of Appeal was granted on May 28, 2002. The district court erred when it attempted to vacate the granting of the in forma pauperis application based on jurisdictional grounds. Thus, Judge Landrieu’s granting of an in forma pauper-is application stands, and Ms. Parker is not expected to pay the costs of this appeal.
The Appellants concede that this Court denied their second request for extension of time to file briefs in this matter, after their failure to timely file briefs. Although the Appellants request the opportunity to argue, pursuant to Rule 2-12.12 | fiUniforms Rules, Courts of Appeal, they have forfeited the right to oral argument by failing to timely file their brief.
As to the merits of this appeal, we have not addressed the issues as ordered by the Appellants in consideration of the chronology of the events and for ease of comprehension.
Firstly, the issue regarding the denial of the preliminary injunction lacks merit. The Appellants argue that the temporary restraining order was dissolved without sufficient opportunity to present a case to demonstrate the irreparable injury the Appellants sustained. The Appellees aver that the Appellants were allowed sufficient opportunity to present their case, but failed to do so. The Appellees further argue that appeals relating to temporary restraining orders are not allowed pursuant to La. C.C.P. art. 8612. This statute states in pertinent part:
(A) There shall be no appeal from an order relating to a temporary restraining order.
(B) An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
We agree that appeals are not permitted in cases involving temporary restraining orders; however, this case also involved a Motion for Preliminary Injunction.
■ “An injunction shall issue in cases where irreparable ■ injury, loss, or damage may otherwise result to the applicant ...” La. C.C.P. art. 8601. The Appellants failed to prove irreparable harm. Ms. Parker agreed to the provisions found in- the Chimneywood By-laws. Because Ms. Parker breached the agreement between she | vaiid Chimneywood, we cannot conclude that she suffered irreparable injury. The district court stated in footnote 1 in a per curiam issued on April 7, 2003 that:
A significant portion of the dispute between the parties stemmed from Ms. Parker’s refusal to pay the $50.00 special assessment fee and a $27 recreational facility fee and the Board of Chimney-wood’s efforts to collect alleged fees due in excess of $500.00. In accordance with Article XII of the Chimneywood Bylaws, the Homeowner’s Association is empowered to terminate, inter alia, water supplied to a condo unit where “the unit owner is delinquent in payment of any dues, fees, special assessment or other obligation, including late fees and other charges in excess of five hundred dollars ($500.00) alleged due by the Association” and where notice and an opportunity for a hearing áre provided to the condo unit owner by certified mail.
Further, as stated by the district court at the March 13, 2001 hearing:
... The Court is of the view that the main argument for irreparable harm in this matter for either a TRO or a preliminary injunction issue was one of due process.
*294 The documents clearly demonstrate that a certified mail was sent to Ms. Parker, properly addressed, to Unit 1408, that a regular mail was sent and that a final notice was hand delivered.
The law does not compel an individual to claim their certified mail, but in her capacity, Ms. Parker’s capacity as president of the association, she was also very well aware of the rules in terms of the interruption or the possible interruption of the water service, in fact, she admitted saying in her deposition.
There is no evidence — I’m not saying that the letter that Ms. Parker indicated she sent existed or it doesn’t exist, but this is a court of record and we induce evidence. There is no evidence that the writing, which is required for a hearing to take place before the board to argue the interruption of water service, there is no evidence that this letter was ever transmitted.
Again, Ms. Parker, by virtue of the fact that she served as president of this association, was well aware of that particular provision.
When the Court is compelled to balance the two, on one hand having written notice three times delivered to the proper unit, properly addressed to Ms. Paula Parker, when you have that as exhibits to demonstrate notice, and on the other side you have Ms. Parker saying,never received any of that. And, oh yeah, by the way, I also sent a letter to request a hearing,” and there is no evidence of the letter, when you balance the two, the former has to prevail. The documentary evidence has to trump the self serving testimony, and that’s how the Court finds.
The reasoning of the district court is sound in supporting the denial of the preliminary injunction. Ms. Parker agreed to pay the assessments as required by the Chimneywood By-laws. Additionally, the Appellants failed to meet their burden by not providing sufficient documentation to support their position. Further, Ms. Parker similarly failed to prove that the board that voted to interrupt her water services was illegally constituted.
Secondly, the issue regarding whether the $5,000 sanctions were properly imposed on Ms. Parker also lacks merit. Ms. Parker argues that sanctions would not have been imposed had she been allowed to present pertinent evidence. Further, Appellant avers that the district court erred by imposing sanctions after the judgment was rendered. The Appel-lees argue that the district court did not abuse its discretion imposing the sanctions post judgment. They aver that the word “wrongful” in La. C.C.P. art. 3608 means “incorrect” or as the result of mistake, not as a result of malice or bad faith.
Pursuant to La. C.C.P. art. 3608,
The court may allow damages for the wrongful issuance of a temporary restraining order of preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
lain a per curiam issued by the district court on February 7, 2003, the district court provided reasons as to the questions of sanctions. The district court stated in footnote 2:
In determining the question of sanctions, this court considered whether it was reasonable for Ms. Parker to exercise the extraordinary procedure of a TRO when she was clearly aware of the *295 documentary evidence that was counter to her position. Regardless of her past position as President of the Chimney-wood Homeowner’s Association and her knowledge of its rules and By-laws, the court determined that the defendants had complied with the notice requirements of Article XII by notifying Ms. Parker by certified mail of the termination of her water supply, which certified mail was returned to the Association marked “refused.” The defendants followed up with a hand delivered notification to Ms. Parker.
Predicated on the reasons provided by the district court, we do not find that the district court erred in sanctioning Ms. Parker. The Appellants argue, alternatively, that if sanctions were proper in this matter, that the sanctions should have been assessed against counsel for the Appellants and not Ms. Parker directly. By inference, Ms. Parker was the proper party to be sanctioned pursuant to La. C.C.P. art. 2164. This article states in pertinent part:
... The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
The assessment of attorney’s fees against Ms. Parker for filing the Temporary Restraining Order without the requisite evidence to support her claim, and for employing an extraordinary procedure to do so is justifiable. Thus, the district court did not err.
Thirdly, we consider whether the district court was impartial in this matter. The Appellants argue that the district court judge was not impartial since the | mcommencement of this suit and as a result seeks redress by this Court. The Appellees argue that the proper vehicle to seek redress regarding the impartiality of a judge is by filing a motion and order seeking recusal of that judge. We agree.
Pursuant to La. C.C.P. art. 151(B)(5),
[а] judge of any court, trial or appellate, may be recused when he: ... (5) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties’ attorneys to such an extent that he would be unable to conduct fair and impartial proceedings.
Therefore, this Court lacks the jurisdiction to address this issue. The Appellants must first raise this issue before the district court, which they failed to do. Filing a Motion to Recuse would have sufficiently noticed their objection to the district court’s alleged lack of impartiality, and would have preserved this issue for appeal. Additionally, this Court is appalled that counsel for the Appellants has elected to berate the character of a sitting district court judge. Such action by counsel is inexcusable, and will not be tolerated. Any further inappropriate actions by counsel will subject her to the imposition of sanctions.
Lastly, we discuss the Motion for Return of All Amounts Paid Above $5000 Judgment Amount Ordered by the Civil District Court (sic). La. C.C.P. art. 2088 states that “[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of appeal ...” [Emphasis Added]. Currently this Court is reviewing the validity of the judgment, however whether the judgment is being overpaid because of a faulty garnishment procedure is a new and separate issue, which should be raised originally before the district court. We lack the requisite jurisdiction to address this issue. Thus, the motion is dismissed.
*296 InDECREE
For the foregoing reasons, the appeal filed by the Appellants, Paula Parker, Pauline Reese Collins, and Ahmad Parker is hereby affirmed. The Application for Supervisory Writ is granted. Further, Attorney Kathy Moore, Bar # 11442 has failed to show cause why she should not be removed as counsel of record in the matter sub judice for failure to remain in good standing with the bar, and is therefore no longer counsel of record in this case. Counsel is, however, ordered to show cause by brief only, within five days of the rendering of this judgment, why she should not be held in contempt for allegations improperly made in brief against Judge Michael Bagneris. Additionally, the Motion for Return of All Amounts Above $5000 Judgment Amount Ordered by the Civil District Court (sic) is dismissed.

AFFIRMED; WRIT DENIED; MOTION DISMISSED

ARMSTRONG, C.J., concurs in part and dissents in part.

. Counsel insisted that she was entitled to oral argument, and in support of this contention submitted a Memorandum in Lieu of Oral Argument. However, this case was submitted on briefs, because no timely request for oral argument was made. Thus, the supplemental brief is not accepted, and is not considered in this opinion.