# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-0961


**MOUNT ZION MISSIONARY BAPTIST CHURCH**

**VERSUS**

**AMEAL JONES, SR.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 240,167
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JIMMIE C. PETERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.


**AFFIRMED. MOTION TO DISMISS DENIED.**


**Bradley L. Drell**
**B. Gene Taylor, III**
**Gold, Weems, Bruser, Sues & Rundell**
**P.O. Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Mount Zion Missionary Baptist Church**

**Tiffany N. Sanders**
**Attorney at Law**
**1024 Eighth Street**
**Alexandria, LA 71301**
**(318) 443-9080**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Ameal Jones, Sr.**

PETERS, J.

This litigation involves an internal dispute over church leadership in the Mount Zion Baptist Church, Incorporated, a/k/a Mount Zion Missionary Baptist Church, located in Alexandria, Louisiana. Ameal Jones, Sr., appeals a trial court judgment granting a preliminary injunction to Mount Zion removing him as pastor of the church, nullifying an election of trustees favorable to him, and prohibiting him or his agents from entering the church. For the following reasons, we affirm the trial court judgment.

## DISCUSSION OF THE RECORD

The record of this litigation is extensive and continues to grow.[1] However, we will limit our opinion to the issues raised by the March 2, 2011 trial court judgment that is the judgment at issue in this phase of the litigation.

The evidentiary record before us establishes that Mount Zion Baptist Church, Incorporated, is a Louisiana nonprofit corporation chartered on June 26, 1928. At some point after incorporation it adopted a set of bylaws for the day-to-day operation of the church, but, as is the case in many nonprofit corporations, the church did not necessarily follow the strict letter of the bylaws in its activities. In a December 4, 1993 business meeting, the church voted to amend its articles of incorporation by adding certain tax-related provisions, and this amendment was filed with the Louisiana Secretary of State's office on October 29, 1996.

The articles of incorporation provide that "[t]he corporate powers of this corporation shall be vested in a Board of Trustees comprised of seven persons . . . who shall be elected annually by the members of the corporation, and who shall serve until their successors are elected and qualified." It further provides that "[a] majority of the Board of Trustees shall constitute a quorum for the transaction of business."

_____

[1] Additional issues concerning the corporate governance of the church are simultaneously on appeal in *Edward Ambush v. The Mount Zion Baptist Church, Inc., through its Board of Trustees*, 11-1028 (La.App. 3 Cir. _/_/_), __ So.3d __.

In August of 2006, Johnnie Simmons, Kelvin Sanders, Jean Anderson, Quincy Boyd, Connie Ware, and Daisy Nash were elected as trustees for the church.[2] In December of that same year, Mr. Jones was selected as the church's pastor.

While there are numerous underlying reasons for the internal dispute in the church, this litigation has as its origin a November 16, 2009 church meeting involving some of the trustees, deacons, and church members. A vote by secret ballot was taken on the question whether to retain Mr. Jones as the church's pastor. Forty-four of those present voted to declare the pulpit vacant immediately, one voted to retain Mr. Jones as pastor, and two ballots were returned blank.

On the next day, Dexter Sapp, who claimed to be acting on behalf of the Board of Deacons, forwarded a letter to Mr. Jones that stated the following:

> This letter will serve as formal notice that after a duly announced Church meeting and a duly held vote your services are herein terminated, effectively immediately. The termination includes your duties as Pastor, the radio ministry and the presiding over any committee, as an[sic] chairperson or ex facto member.
>
> Further, you are prohibited, from going into or upon the property of Mount Zion Missionary Baptist Church. Should you go into or enter upon any said property it will be considered a criminal trespass and you shall be promptly and forcibly be [sic] removed by law enforcement.
>
> Thank you for efforts thus far, but the Church has decided it needs to go in a different direction.

The Board of Trustees held a called meeting on December 16, 2010, attended by Mr. Simmons, Mr. Sanders and Ms. Nash. The minutes of that meeting list Ms. Anderson and Mr. Boyd as being absent, but are silent as to whether Ms. Ware remained a member of the Board of Trustees. The minutes do, however, reflect that at the meeting a vote was taken to remove Ms. Ware as Director of Finance for the church. They also reflect that five members of the Board of Deacons were present as

---

[2]There is some question concerning the election procedure and there is no explanation why only six trustees were elected, but the parties do not dispute the fact that an election occurred at this time. Additionally, the parties do not dispute the fact that no election was held from that point through the beginning of this litigation.

well:  Chairman David Smith,[3] Fred Baldwin, Glenn Cooper, Charles Keller and Ed Stafford.  According to the minutes, "all board members present" voted to declare the pulpit vacant and immediately set up a pulpit committee to search for a new pastor. The minutes are silent as to what action, if any, was taken by the deacons present.

Even before the vote of the Board of Trustees on December 16, 2010, the first pleading was filed by the church seeking an injunction prohibiting Mr. Jones from going onto the church property.  The trial court issued a temporary restraining order that same day, granting the church the relief it requested and setting a show cause hearing for a future date.  After significant procedural maneuvering, on February 24, 2011, the matter went to trial on a number of different issues.  Before the trial on the merits began, the trial court rejected a number of exceptions and motions filed by Mr. Jones.  With regard to the remaining issues, the trial court ruled in the church's favor. On March 2, 2011, the trial court executed a written judgment which provided in part that the church's preliminary injunction was granted and that Mr. Jones was discharged as pastor of the church; that the purported election of a new Board of Trustees on February 13, 2011, was nullified and set aside; and that Mr. Jones and his agents or representatives were prohibited and enjoined from entering or occupying any of the property of the church "*as pastor* pending any further action in accordance with the Church bylaws and Louisiana law."  (Emphasis added.)

In his appeal of this judgment, Mr. Jones asserts four assignments of error:

1.    The Trial Court erred in ruling that Mt. Zion's bylaws did not apply to the Appellant's termination.

2.    The Trial Court erred in its finding that the Appellant was validly terminated.

3.    Trial court erred when it granted a temporary restraining order, preventing an election of a new board of trustees, then later voiding an election of the board of trustees, when the members had the statutory right to conduct an election.

---

[3]Mr. Smith is also listed in the minutes as an ad hoc member of the Board of Trustees.

3

4. Trial court erred in recognizing certain individuals as members of the board of trustees, when there was insufficient evidence tending to prove that they were elected by the church and pursuant to the articles and bylaw[s].

## OPINION

After Mr. Jones perfected his appeal, the church filed a motion to dismiss the appeal, asserting that the issues raised therein are moot. In support of its motion, the church attached a copy of the transcript of a trial court hearing held on October 26, 2011, which purports to be a hearing on a request by the church for a new preliminary injunction. The evidence presented at that hearing consisted of the testimony of Richard Quinney, a church member who claimed to be present at church on September 18, 2011, at which time Mr. Jones announced from the pulpit that he was no longer going to fight for the church's pulpit. Even assuming we can consider this new evidence, this does not render the appeal moot. The issues on appeal consist of more than Mr. Jones' dismissal as pastor. That being the case, we reject the church's motion to dismiss the appeal.

### Standard of Review on Remaining Issues

We first note that although Mr. Jones bases his appellate arguments on the premise that the trial court granted a *permanent* injunction, the trial court's judgment of March 2, 2011, clearly states that it granted only a *preliminary* injunction. A trial court's determination as to whether to issue a preliminary injunction is subject to the abuse of discretion standard of review. *Smith v. W. Va. Oil & Gas Co.*, 373 So.2d 488 (La.1979).

Louisiana Code of Civil Procedure Article 3601(A) provides that "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law." During the pendency of an action for a permanent injunction the court may issue a temporary restraining order, a preliminary injunction, or both. La.Code Civ.P. art.

4

3601(C). A preliminary injunction merely requires a *prima facie* showing that the plaintiff has a good chance to prevail on the merits. *Novelaire Technologies, L.L.C. v. Harrison*, 08-157 (La.App. 5 Cir. 8/19/08), 994 So.2d 57. Although the hearing on the preliminary injunction may touch upon, or even tentatively decide, the substantive issues that comprise the petition for the permanent injunction, those substantive issues raised in the principal demand will be decided only after a full trial under ordinary process. *Smith*, 373 So.2d 488; *Novelaire Technologies, L.L.C.*, 994 So.2d 57.

### *Assignments of Error Numbers One and Two*

In his first two assignments of error, Mr. Jones asserts that the trial court erred in basing its decision that his employment as pastor of Mount Zion was properly terminated pursuant to La.R.S. 12:225(E) and in not applying the church's bylaws. We find no merit in either of these assignments of error.

Louisiana Revised Statutes 12:222(A) provides that nonprofit corporations may adopt bylaws, and La.R.S. 12:222(B) provides that those bylaws "shall operate merely as regulations among the shareholders or the members." Additionally, La.R.S. 12:225(E) provides that, within a corporate structure, "[a]ny officer or agent may be removed by the board of directors with or without cause at any time, without prejudice, however, to the contract rights of the person so removed," and the church's bylaws define the pastor as an officer of the church. Still, Mr. Jones asserts that the church bylaws provisions relative to termination of a pastor, and not La.R.S. 12:225(E), govern.

Mr. Jones is correct that the church bylaws provide procedures to raise the question of whether to retain a pastor. Article VII, Section II of the church bylaws addresses two different scenarios that might arise. In the first scenario, found in Section II(A), "[t]he pastor *may call for an expression vote* from the voting members of the church to determine their desire as to the continued service of him as pastor." (Emphasis added.) In the second scenario, found in Section II(B), "[t]he deacons and

5

trustees, *desiring an expression of the church* as to the continuation of the services of the pastor, shall call a special business meeting for that purpose." (Emphasis added.)

The trial court based its decision that the church had made a *prima facie* showing sufficient to justify the grant of the preliminary injunction on La.R.S. 12:225(E). While we do note that the bylaws make other methods available for removal of a pastor, we do not find that those methods are exclusive. That being the case, we find no abuse of discretion in the trial court's determination that the church established a *prima facie* showing that the vote of a majority of the Board of Trustees was sufficient to remove Mr. Jones from the pulpit.

### Assignment of Error Number Three

After a January 24, 2011 hearing, the trial court issued a ruling that the Board of Trustees in place prior to the suit being filed would remain in office "until we decide otherwise, either by another vote or by determining if this last vote was valid." On February 11, 2011, the trial court issued a temporary restraining order enjoining Mr. Jones "and his agents and representatives" from "calling, holding, and conducting any election or other procedure for the purpose of electing, removing, or otherwise changing the composition of the board of directors of Mount Zion Baptist Church, Inc. or the Board of Trustees of Mount Zion Missionary Baptist Church at any time." Mr. Jones ignored this order and presided over a February 13, 2011 meeting wherein a new Board of Trustees was elected.

On February 18, 2011, the church filed a rule for contempt and a rule to vacate the February 13, 2011 election. The trial court addressed this issue in its March 2, 2011 judgment by nullifying the election of the new trustees. In the first part of this assignment of error Mr. Jones argues that the trial court erred in granting the February 11, 2011 temporary restraining order. We find no merit in this argument.

Louisiana Code of Civil Procedure Article 3603(A)(1) provides that the trial court shall grant a temporary restraining order without notice when "[i]t clearly

6

appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition." Although La.Code Civ.P. art. 3612 provides that "there shall be no appeal from an order relating to a temporary restraining order," this case also involves the subsequent order enforcing that temporary restraining order. *See Parker v. Chimneywood Homeowners' Ass'n, Inc.*, 02-2475 (La.App. 4 Cir. 12/17/03), 866 So.2d 289, *writ denied*, 04-202 (La. 9/3/04), 882 So.2d 606 (wherein the appellees asserted that there was no right of appeal from a temporary restraining order, but the fourth circuit determined that it had the authority to review the matter on appeal, stating that "[w]e agree that appeals are not permitted in cases involving temporary restraining orders; however, this case also involved a Motion for Preliminary Injunction." *Id*. at p. 293). We find the trial court did not err in granting the temporary restraining order given the underlying facts of this litigation.

In the second half of this assignment of error, Mr. Jones assets that the trial court erred in voiding the results of the February 13, 2011 election. Having reached the conclusion that the trial court's grant of a temporary restraining order was well within its sound discretion, it follows that Mr. Jones' complaint in the second half of this assignment of error is without merit as well.

*Assignment of Error Number Four*

In his final assignment of error, Mr. Jones contends that the trial court erred in ruling in its March 10, 2011 order that Mount Zion's Board of Trustees would consist of six people: Mr. Simmons, Mr. Sanders, Ms. Nash, Dr. Ware, Mr. Smith, and Mr. Boyd. We decline to address this assignment of error as the judgment complained of was rendered after the March 2, 2011 judgment that is the subject of this appeal.

**DISPOSITION**

For the foregoing reasons, we affirm the trial court judgment in all respects. Mount Zion Missionary Baptist Church's motion to dismiss the appeal is denied. We assess all costs of this appeal to Ameal Jones, Sr.

**AFFIRMED.  MOTION TO DISMISS DENIED.**