MORIAL, Judge.
This case is before us on plaintiff-appel-lee’s motion to dismiss this appeal filed on March 11, 1976. Defendants-appellants were originally given until March 30, 1976 to show cause by brief why this appeal should not be dismissed. The March 30 date was extended to May 7. Defendants-appellants have failed to reply.
The record and the affidavit of the deputy clerk of the district court in support of plaintiff-appellee’s motion to dismiss discloses the following chronology of events: defendants-appellants filed a timely appeal for which the court set a return date of July 2, 1975. Several extensions of the return date were obtained by a deputy clerk of the district court for the reason that the testimony had not been received from the court reporter. Prior to the extended return date of February 27, 1976, the completed transcript was delivered to the deputy clerk of court who completed the record on February 17, 1976. He notified the office of counsel for defendants-appellants via telephone on that date that the record was completed. The defendants-appellants’ office was informed of costs of preparation of the record and the filing fee required to lodge the appeal. Defendants-appellants paid the costs March 9, 1976 and the court then, without setting forth any cause, (See LSA-C.C.P. Article 2125) extended the previously expired return date to March 12, 1976. The record was lodged in this court on March 10, 1976.
A detailed discussion of the law applicable to plaintiff-appellee’s motion to dismiss is unnecessary.
In this case the extended return date expired on February 27, 1976. After that date the trial court was divested of any jurisdiction to extend further the return date. LSA-C.C.P. Article 2088, Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970). Accordingly, the trial court was without authority on March 9 to order a retroactive extension of the previously expired extended return date. The retroactive extension was without legal effect and, therefore, the appeal was not filed timely. See: Louisiana Power & Light Company v. Lasseigne, supra.
Furthermore, defendants-appellants’ failure to pay the required costs and fees within three days prior to the last legal extended return date of February 27, 1976 is imputable to them and fatal to their appeal. See LSA-C.C.P. Articles 2126, 2127 and 2161.
For the foregoing reasons the appeal is dismissed.

MOTION GRANTED.