LOTTINGER, Judge.
This matter is before this court on a motion by plaintiff-appellee to dismiss the appeal of Inter-Ocean Insurance Company on the ground that the record was not timely filed.
From the record and briefs we glean the following facts. Judgment was rendered on June 16, 1980 and signed on October 31, 1980. Defendant timely perfected a sus-pensive appeal on December 1, 1980. The appeal was made returnable to this court on February 27, 1981. On February 20, 1981, the clerk of the trial court requested an extension of the return date because the costs had not been paid. This request was denied by the trial court. Costs were paid on April 16, 1981, and on April 21, 1981, the record was lodged with this court.
Plaintiff-appellee relies on La.C.C.P. art. 2161, Bennett v. Johnston, 333 So.2d 693 (La.App. 4th Cir. 1976) and Bensel v. Goitia, 329 So.2d 233 (La.App. 4th Cir. 1976).
However, we need look no further than La.C.C.P. art. 2126. This Article sets out in detail the scenario of the estimation of costs by the clerk of the trial court, the payment by appellant, the right to question the ex-cessiveness of the estimated costs and the penalties which may be imposed by the trial court when costs are not paid timely. In the last unnumbered paragraph thereof, we find:
“If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.” (Emphasis supplied).
Therefore, it is clear that since the costs have been paid, this appeal cannot be dismissed.
We observe that under La.C.C.P. art. 2088(9) the trial court retains jurisdiction to “impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated cost and the actual cost of the appeal.” We question seriously whether the clerk of the trial court would send up a record on appeal without the cost being paid. The proper remedy for the appellee is to proceed in the trial court in seeking the dismissal of an appeal for the failure to pay cost.
Therefore, for the above and foregoing reasons, motion to dismiss the appeal is denied at plaintiff-appellee’s costs.
MOTION DENIED.