DANIEL L. DYSART, Judge.
11 Alice Garrison appeals a summary judgment granted in favor of The Esplanade at City Park and its insurer, Chubb America Service Corporation. For the following reasons, we affirm.
BACKGROUND:
Ms. Garrison initially filed suit against Old Man River Esplanade, L.L.C. d/b/a The Esplanade at City Park (The Esplanade), Chubb America Service Corporation, and Jerry Schiffmann d/b/a Bayou Grocery (Bayou Grocery). The Esplanade is a 441-unit apartment building located near Bayou St. John in New Orleans. Bayou Grocery is a small convenience store located on the first floor of the building, which leases the space from the building’s owner. Ms. Garrison, who worked as a sitter for a resident at The Esplanade, alleged that on September 12, 2010, she slipped and fell inside of Bayou Grocery, severely injuring herself.
Ms. Garrison alleged that her fall was caused by a broken pipe in a paint room located across the hall from Bayou Grocery that had occurred the day before her fall. She argues that “circumstantial evidence” demonstrates that water from |2the paint room soaked the hallway between the paint room and Bayou Grocery, and was likely tracked into the grocery causing Ms. Garrison’s fall. It is not disputed that the paint room was under the control of The Esplanade.
Ms. Garrison further alleged that her fall was caused by the negligence of The Esplanade and its employees, as well as the negligence of Bayou Grocery and its employees, for their failure to inspect the premises, provide a safe premises, and to warn of the dangerous condition.
The Esplanade and Bayou Grocery both moved for summary judgment, and after hearing both motions contemporaneously, the trial court granted summary judgment as to The Esplanade and denied summary judgment as to Bayou Grocery.
DISCUSSION:
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880; Duncan v. USAA Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material facts and that the movant is entitled to summary judgment as a matter of law. La.Code Civ. Proc. art. 966B.
The burden of proof on a motion for summary judgment remains with the movant to point out to the court that there is no factual support for an essential element in the opponent’s case. Thereafter, if the adverse party fails to produce ^factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and summary judgment is appropriate. La.Code Civ. Proc. art. 966 C(2), also see, Hutchinson v. Knights of Columbus, Council No. 5717, 03-1533, p. 7 (La.2/20/04), 866 So.2d 228, 233; Estate of Alix v. Wells, 07-0503, p. 2 (La.App. 4 Cir. 12/12/07), 974 So.2d 63, 64.
An adverse party to a supported motion for summary judgment may not rest on *701 the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.Code Civ. Proc. art. 967 B; Townley v. City of Iowa, 97-493, p. 5 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Quantum Resources Mgmt., L.L.C. v. Pirate Lake Oil Corp., 12-1472, p. 5 (La.3/19/13), 112 So.3d 209, 214; Serou v. Touro Infirmary, 12-0089, p. 48 (La.App. 4 Cir. 1/9/13), 105 So.3d 1068, 1100; La.Code Civ. Proc. art. 966.
The Esplanade maintained that La. Civ. Code art. 2317.1 is the applicable law because it is an apartment complex/landlord that rents space to residential and commercial lessees.
Louisiana Civil Code art. 2317.1 provides that:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only |4upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitor in an appropriate case.
Ms. Garrison agrees that La. Civ.Code arts. 2317.1 and 2322 are the applicable statutes to determine liability in this case.
The Esplanade further asserted that although normally a lessor warrants a premises against vices or defects, such warranty may be waived by the lessee. La. Civ. Code arts. 2696, et seq. The Esplanade attached to its motion an affidavit of Christina Pascal, the property manager for The Esplanade, which included a copy of the lease agreement between The Esplanade and Bayou Grocery.
The lease agreement provided that The Esplanade did not maintain any insurance policy to cover Bayou Grocery for personal injuries sustained within its premises. Specifically, the lease provided that The Esplanade was “not responsible for any resident, guest or occupant for damages or loss of personal property or personal injury (including but not limited to) fire, smoke, rain, flood, water and pipe leaks, hail, ice, snow, lightning, wind, explosions, earthquake, interruption of utilities, theft, hurricane, negligence of other residents, occupants, or invited/uninvited guests or vandalism unless otherwise required by law.” The lease also confirmed that Bayou Grocery accepted the property “as is” except for conditions materially affecting the health or safety of ordinary persons. The Esplanade disclaimed all implied warranties except those required by law.
Further, The Esplanade asserted in its motion for summary judgment that Ms. Garrison has no evidence to prove an essential element of her claim, i.e., that | sThe Esplanade had notice of an unreasonably dangerous condition on the premises prior to her accident.
To prove premises liability under La. Civ.Code art. 2317. 1, a plaintiff must prove: 1) that the defendant knew or should have known of the vice or defect; 2) that the damage could have been prevented by the exercise of reasonable care; and, 3) that the defendant failed to exercise such reasonable care. Greenhouse v. C.F. Kenner Associates, Ltd. P’ship, 98-0496 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004. *702 Inherent in these elements is that the vice or defect (in this case water leaking) causes the injury.
Ms. Garrison filed oppositions to the subject motion for summary judgment and to the one filed on behalf of Bayou Grocery. In it she cited to deposition testimony of Jerry Schiffman wherein he testified that on the day before Ms. Garrison’s fall, there was a leak in a room across the hall from Bayou Grocery, that the room was “flooded,” and that the carpet in the direction from which Mr. Schiffman entered the building was visibly wet. She also cited testimony of The Esplanade’s maintenance man, Andrew Tyler. Mr. Tyler admitted that the leak occurred in the paint room of the Esplanade, that the carpet outside of the paint room was wet, that he placed blowers in the hallway to dry the carpet, and that the blowers remained in the hallway until he returned to work on Monday.
Also, in her opposition, Ms. Garrison asserted that La. Civ.Code art. 660 applied to The Esplanade because it failed to keep its building in good repair.
Ms. Garrison argued that The Esplanade had notice of the defective and dangerous condition of its premises. A photo attached to The Esplanade’s motion for summary judgment indicated that a “wet floor” sign and a blower was in the hallway outside of Bayou Grocery on the date of Ms. Garrison’s fall. She argued | fithat both Jerry Schiffman, the owner of Bayou Grocery, and his son, Jason, who worked in the store on the day of the accident, testified that they knew about the water leak in the hallway that occurred the day before the accident.
In summary, Ms. Garrison argued that because water was leaking in a room across the hall from Bayou Grocery on the day before Ms. Garrison’s alleged fall, which The Esplanade and Bayou Grocery knew about, and the carpet in the hallway was wet on the day before as evidenced by a “wet floor” sign and a blower, this was sufficient circumstantial evidence to prove that the water from the paint room leak made its way across the hall and into Bayou Grocery, and that the Esplanade had notice of the leak and wet carpet.
We find Ms. Garrison’s argument lacking. She has offered no proof that a leak in a room across the hallway from Bayou Grocery on the day before the alleged accident caused the floor in Bayou Grocery to become wet. Ms. Garrison’s speculation that water from the hallway was tracked into Bayou Grocery from the wet carpet is insufficient to defeat summary judgment.
Ms. Garrison testified that she walked into the Bayou Grocery from the opposite direction of the wet carpet and that the carpet she traversed was not wet. Further, Ms. Garrison testified that the tile floor in Bayou Grocery was not wet when she entered the store. She walked into the store, selected a drink from a cooler, and slipped as she made her way back to the checkout at the counter near the door. Ms. Garrison stated that it appeared that water was coming from under the checkout counter, not from the hallway. She testified that she had “no idea” how long the water was on the floor before her fall and “no clue” where the water came from. Bayou Grocery employee Jason Schiffman testified that he came from behind the counter to attend to Ms. Garrison after her fall. He did not detect any 17liquid on the floor, nor did he have to mop or clean the floor after the fall. Another employee of Bayou Grocery, Mabel MacCash, testified that she entered the store while Ms. Garrison was still on the floor after her fall. She did not note any water on the floor. Esplanade property manager, Christina Pascal testified she had no knowledge of *703 water being on the floor of Bayou Grocery, nor were there any reports of spills or water leaks in the grocery prior to the alleged fall. In short, Ms. Garrison’s entire case against the Esplanade is based upon supposition that the water leak across the hall somehow made its way inside of the grocery store across the hall the following day. In fact, the uncontro-verted testimony of The Esplanade maintenance technician, Andrew Tyler, was that the water leaked into about a one foot area from the wall of the paint room, some six feet away from the entrance to the grocery. After wet vacuuming the area he placed a “Wet Floor” sign in the area where the carpet was wet. Ms. Garrison testified that as she approached the entrance to the grocery she noticed that the carpet in the hallway appeared wet, but she did not have to step in the wet area before entering the grocery.
There was no testimony or evidence presented that indicated the water from the prior day’s pipe leak in the paint room found its way across the hall into Bayou Grocery.
We acknowledge that circumstantial evidence may establish the existence of a genuine issue of material fact to defeat summary judgment; however, the response of the adverse party must set forth specific facts showing a genuine issue of fact exists. Florane v. Pendleton Memorial Methodist Hosp., 02-0165 (La.App. 4 Cir. 5/29/02), 822 So.2d 642. Ms. Garrison has not set forth any specific facts in her opposition that would show a genuine issue of fact exists.
IrOut de novo review of the record confirms that summary judgment in favor of The Esplanade was proper. Ms. Garrison has not refuted The Esplanade’s motion with any evidence or testimony which relates the water from the paint room leak which occurred the day before to her fall. There is nothing in the record to indicate that The Esplanade had actual or constructive notice of water on the floor of Bayou Grocery on the date of her fall.
Accordingly, we affirm the summary judgment of the trial court.
AFFIRMED.