DANIEL L. DYSART, Judge.
hJairo Maradiaga appeals a summary judgment granted in favor of Cornerstone National Insurance Company (“Cornerstone”) on May 25, 2011. For-the reasons that follow, we affirm.
Abandonment:
Cornerstone argues, in its brief before this Court, that Maradiaga’s appeal is abandoned as he obtained an order of appeal on June 28, 2011, but did not file his appellant brief in this Court until June 8, 2015. Thus we should dismiss the appeal as abandoned pursuant to La.Code Civ. Proc. art. 561 and Local Rule 20.
This Court ordered Maradiaga to Show cause why his appeal should' not be dismissed as abandoned, to-which he responded that he had taken steps in the prosecution of the case within three years of the signing of the order of appeal. Specifically, he attached documents that indicate he received two Notices of Estimated Costs of Appeal[1], and two checks written to the clerk of court payment thereof. One of the notices, dated July 1, 2011, indicates that Maradiaga had until July 21, 2011 to pay the costs of $2,192.60. Maradiaga attaches a cheek dated April 15, 2014 and a cover letter of the same date to the clerk *956 of court.- The second notice, dated September 11, 2014, indicates that payment of the costs of $843.80 was due on February 1, 2012.[2] Maradiaga attaches a check and cover letter dated September 11, 2014 for the costs.
Louisiana Code of Civil Procedure art. 561 provides in part:
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
Rule 1 of the Local Rules of the Court of Appeal, Fourth Circuit, provides in part that if the record is not filed in this Court on or before the return date or any extension thereof, a notice shall be mailed by the clerk to the appellant. In this case, as discussed above, the trial court did not indicate any return date on the order of appeal. Local Rule 20 providés in part that when no activity occurs in an appeal for three years, the appeal shall be dismissed as abandoned.
Cornerstone alleges that because no activity occurred in the case, whether here or in the trial court, for, more than three years from the date the order of appeal was signed, the appeal should be considered abandoned.
Louisiana Code of Civil Procedure art. 2126 provides in pertinent part:
A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal. The clerk shall send notices of the estimated costs....
B. Within twenty days of the mailing of the notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period....
* * *
E. If the appellant fails to pay the estimated costs, ... within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall: (1) Enter a formal order of dismissal on the grounds of abandonment....
* * *
F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal, (emphasis added).
In this case, Cornerstone could have moved the trial court to enter a formal order of dismissal on the grounds that Maradiaga had not paid the costs, and after a hearing, the trial court could have dismissed the appeal pursuant to La.Code Civ. Proc. art. 2126 E(1). Cornerstone took no such action.
Therefore, when Maradiaga paid the costs due, although untimely, Cornerstone could no longer seek a dismissal for abandonment. Accordingly, we find the appeal is not abandoned. See Marcum v. Inter-Ocean Ins. Co., 402 So.2d 222 (La.App. 1st Cir.1981).
Motion for Summary Judgment:.
Maradiaga'was involved in a multi-car accident on or about February 25, 2009. At the time of the accident, Maradiaga's vehicle was covered by a policy of insurance issued by Cornerstone. Maradiaga filed a claim for coverage pursuant to the uninsured/underinsured (“UM”) provision *957 of his policy, which was denied by Cornerstone. Mai'adiaga- subsequently filed suit against the other drivers involved in the accident, their insurers, and Cornerstone. Cornerstone moved for summary | judgment on the basis that Maradiaga had waived UM coverage. The trial court granted summary judgment.
Discussion:
A motion for summary .judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as. a matter of law.” La.Code Civ. Proc. art. 980 B(2). The movant bears the. burden of proof. La.Code Civ. Proc. art. 966 C. “However, if the movant 'Will not bear the burden of proof at trial .,the movant’s burden” is “to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La.Code Civ. Proe. art. 986 0(2). “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La.Code Civ. Proc. art, 960 C(2).
To determine whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria employed by the trial court. Quantum Resources Mgmt., L.L.C. v. Pirate Lake Oil Corp., 12-1472, p. 5 (La.3/19/13), 112 So.3d 209, 214; Garrison v. Old Man River Esplanade, 13-0869, p. 3 (La.App. 4 Cir. 12/18/13), 133 So.3d 699, 701; La.Code Civ. Proc. art. 966.
Cornerstone submitted with its Motion for Summary Judgment the policy of insurance issued to Maradiaga, and a completed UM Bodily Injury Rejection Form, which was signed electronically by Maradi-aga, and indicated that, he rejected UM coverage. Also attached was a Digital Signature Acceptance Confirmation signed and initialed by Maradiaga. The pertinent language of the confirmation reads as follows:
By clicking the box, I agree the signature and initials 1 have selected above will ,be the electronic representation of my signature for use on the following insurance documents which include legally binding contracts, I further understand that signing documents using this electronic signature will have the same legally binding effect as signing my signature using pen and paper.
The documents that follow the’ confirmation are the policy of insurance including the UM Bodily Injury Rejection Form.
Maradiaga argues that the copy of the form attached to the Motion for Summary Judgment does not qualify as a valid rejection. He contends’ that because his insurance agent completed the form for him on the computer, it is insufficient to prove his intent to reject coverage. In his Memorandum in Opposition to the Motion for Summary Judgment, Maradiaga states that his agent electronically completed the UM form for him and signed and initialed it. Therefore, Maradiaga argues he did not have the option to change the form, or to correct what- he alleges is a mistake, that is, rejecting UM coverage. Further, he argues that there whs no express, affirmative act on his part to dearly; unmistakably and unambiguously reject UM coverage.
The only exhibits attached to Maradia-ga’s Opposition are an excerpt from his deposition, the UM form, and a copy of the Louisiana Department of Insurance Bulletin No. 08-02, dated August 29, 2008, that issues the revised UM form.
*958 The Bulletin instructs that the following tasks must be completed by the insured:
—His/her signature
—His/her printed name to identify his/ .her signature
Ir,— The date the form is completed
—Initials to select/reject UMBI coverage prior to signing the form.
Duncan v. U.S.A.A. Ins. Co., 06-036 (La.11/29/06), 950 So.2d 544, 551, sets forth the requirements for valid completion of a UM form. The Court stated:
The prescribed form involves six tasks:
(1) initialing the selection or rejection of coverage chosen;
(2) if limits, lower than the policy limits are chosen .(available in options 2 and 4), then, filling in the. amount of coverage selected for each person and each accident;
(3).printing the name of the named injured or legal representative;
(4) signing the name of the named insured or legal representative;
(5) filling in the policy number;1" and
(6) filling in the date.

Id.

The UM form in question is electronically signed and initialed by Maradiaga. Attached to the policy and UM- form is a confirmation that Maradiaga agreed to -allow his electronic signature to be used. “A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or- selected economic-only coverage.” La. R.S. 22:1295.
Louisiana Revised Statute 22:1295 provides- that policies of insurance shall include UM coverage unless “any insured named in the policy either rejects coverage, selects lower limits; or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section.” La. R.S. 22:1295(1)(a)(ii) provides:
Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal- ^representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only covérage —
We find that Maradiaga did not overcome the rebuttable presumption in his opposition to the Motion for Summary Judgment. Indeed, the deposition excerpt attached negates his argument. Counsel for Maradiaga asked him if he could read English and knew .what the form said. Maradiaga responded: “No. Honestly, I just signed it so they would give me insurance.” He testified that he told the agent he wanted full coverage. Everything was filled out on. the computer by the agent, and Maradiaga was handed a form that was already filled out, including his electronic signature and initials. He admitted that he did not know what “N/A” meant.
Without question, the UM Bodily Injury Rejection Form in this case satisfies all of the requirements set forth in Duncan, supra. The form includes Maradiaga’s initials rejecting UM coverage; his signature confirming the rejection; the date the rejection was completed, January 23, 2009; *959 the-policy number; and,:the insurer’s 'designation.
Maradiaga’s initials and signature, which are electronically included in the UM Bodily Injury Form, is a valid signature under Louisiana law. In Bonck v. White, 12-1522, p. 7 (La.App. 4 Cir. 4/24/13), 115 So.3d 651, 655, this Court held that the Uniform Electronic Signature Law, La. R.S. 9:2602, et seq., applies to automobile insurance policies and required UM forms.
|sWe thus find that Maradiaga has not sufficiently rebutted the presumption in favor of Cornerstone that he validly rejected UM .coverage. The judgment of the trial court is affirmed. .
AFFIRMED

. There was a separate and unrelated appeal taken in this case, that was decided by this Court on March 19, 2014, The issue of abandonment was raised in that case also; however, the issue was not addressed in the opinion. See Maradiaga v. Doe, 13-1256, unrep, (La. App. 4 Cir. 3/19/14), 2014 WL 1117971.

. -The first notice referenced above is date stamped by the clerk of court on My -1, 2011. The other notice does not contain a date stamp. Thus, there is no record explanation for the discrepancy in the dates, '