DANIEL L. DYSART, Judge.
11 Plaintiff/appellant, Erica Castle Hayes, individually and as natural tutor of the Unemancipated Minor Child, Unique Hayes, filed suit against defendant/appel-lee, Warren Easton Senior High School (“Warren Easton”)[1], and others, for the alleged rape of her daughter at the Sheraton Hotel on May 21, 2011, while her daughter was attending a private party hosted by defendants, Connie Addison and Arianne Addison. Warren Easton filed a Motion for Partial Summary Judgment seeking dismissal from the lawsuit. After a hearing, the trial court granted the motion, dismissing all of plaintiffs claims against mover, with prejudice, at plaintiffs cost, and reserving plaintiffs claims against the remaining defendants. For the reasons that follow, we affirm the judgment of the trial court.
BACKGROUND:
Plaintiff alleges that her daughter, who had just completed her freshman year at Warren Easton, was raped in a stairwell at the Sheraton Hotel on May 21, 2011, while attending a private party after the close of the school year. The party was hosted by Connie Addison, the mother of a classmate. The alleged basis for ^including Warren Easton as a defendant in the petition is that plaintiffs daughter was re *565 peatedly bullied and harassed at school, but despite reporting the incidents to the school’s administration, no action was taken to stop the alleged harassment. Plaintiff alleges that the rape was related to the incidents in school, and that if Warren Easton and the Orleans Parish School Board (“OPSB”)[2] had taken the necessary actions to stop the harassment, the rape would not have occurred.
DISCUSSION:
A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. Code Civ. Proc. art. 966 B(2). The movant bears the burden of proof. La. Code Civ. Proc. art. 966 C. “However, if the movant will not bear the burden of proof at trial ..., the movant’s burden” is “to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. Code Civ. Proc. art. 966 C(2). “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. Code Civ. Proc. art. 966 C(2).
To determine whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria employed by the trial court. Maradiaga v. Doe, 15-460, p. 4 (La. App.11/25/15), 179 So.3d 954, 957, writ denied, 15-2361 (La.2/26/16), 187 So.3d 470; Quantum Resources Mgmt., L.L.C. v. Pirate Lake Oil Corp., 12-1472, p. 5 (La.3/19/13), 112 So.3d 209, 214; La. Civ. Proc. art. 966.
In her first assignment ■ of error, plaintiff argues that the trial .court erred in granting partial summary judgment to Warren Easton, as the mover did not meet its burden of proving there was no genuine issue of material fact remaining to be decided. Specifically, plaintiff argues that Warren Easton merely relied on this Court’s previous affirmation of the grant of summary judgment to the OPSB. She contends that reliance on the previous decision was error as that ruling was based on application of La. R.S. 17:3993, which is designed to protect local school boards, not charter schools.
Louisiana Revised Statute 17:3993 provides:
A. The local school board and its members individually are immune from civil liability for any damages arising with respect to all activities related to the operation of any type of charter school they may authorize as a chartering authority, except as is otherwise specifically provided in a charter.
B. The State Board of Elementary and Secondary Education and its members individually are immune from civil liability for any damages arising with respect to all activities related to the operation of any type of charter school they may authorize as a chartering authority, except as is otherwise specifically provided in a charter.
Plaintiff argues that as the statute does not grant immunity to charter schools, Warren Easton cannot avail itself of the protections granted by the statute.
*566 Warren Easton argues that it did not rely on this Court’s application of La. R.S. 17:3993 in moving for summary judgment, but rather on this Court’s reliance Lon the facts that OPSB had no knowledge or pri- or notice that a rape was likely to occur, and on the admission of plaintiffs daughter in her deposition that she had no interaction with the alleged rapist prior to the incident. Thus, Warren Easton owed no duty to plaintiff.
Likewise, the trial court here found that Warren Easton owed no duty to plaintiff-for an incident that occurred at a private party away from campus after the school year had concluded. Warren Easton supported it's motion with deposition testimony from the victim, as stated above, and with deposition testimony of the alleged rapist, who, although admitting he knew the victim, denied being aware of any bullying or harassment of her in school.
The trial court stated:
This is a foreseeability issue, how do you — they have evidence showing that the school did not know that'this particular girl was going to be targeted at a function off site. This would be — it is almost — if they had known this gentleman that ultimately raped this young lady was harassing her and making threatening comments or sexual innuendos, certainly you have a case.
Contrary to plaintiffs assertion that the trial court mistakenly relied on this Court’s previous opinion, the trial court specifically noted:
That is not why I’m doing this. I am doing' [sic] because I do not think it is foreseeable that they would — without the evidence — and you have presented none. They have presented contrary evidence, the principal had no knowledge of this particular person being— targeting this young lady so the summary judgment is granted, (emphasis added.)
In addition to the element of foreseeability, to prove negligence, the plaintiff would have to prove that Warren Easton was somehow responsible for a student who was not in its control or custody. The record is void of any evidence that Warren Easton had such a responsibility.
| sJurisprudence supports Warren Easton’s position. In Wallmuth v. Rapides Parish Sch. Bd., 01-1779 (La.4/3/02), 813 So.2d 341; our Supreme Court explained that the supervision required of a school board must be “reasonable, competent supervision appropriate to the age of the children and the attendant circumstances.” Id., 01-1779, p. 8, 813 So.2d at 346, citing Jackson v. Colvin, 98-182 (La.App. 3 Cir. 12/23/98), 732 So.2d 530. “Constant supervision of all students is not possible nor [sic] required for educators to discharge their duty to provide adequate supervision.” Wallmuth, supra, citing Adams v. Caddo Parish School Bd., 25,370 (La.App. 2 Cir. 1/19/94), 631 So.2d 70; Additionally, the Supreme Court noted that “[b]efore liability can be imposed upon a school board for failure to adequately supervise the safety of students, there must be proof of a causal connection between the lack of supervision and the accident.” Id (emphasis added).
Although, the cited jurisprudence relates to the duties of a school board, clearly the same duties apply to a school pursuant to La. Civ. Code arts. 2315 and 2320, as liability attaches only if the school breaches its duty of reasonable supervision over its students. The causation element is satisfied if it is proven that the breach of duty was the cause-in-fact of the plaintiffs injuries. Thus, “but for” the lack of reasonable supervision, plaintiffs injuries would have been prevented. La. Civ. Code art. 2320 (“[Responsibility only at *567 taches, when ... teachers ... might have prevented the act which caused the damage, and have not done it.”)
In this case, there is simply nothing in the record to support that Warren Easton had a duty to prevent injury to plaintiffs daughter at a non-school function, |fioff campus, after the end of the school year. As we find that summary júdgment was properly granted, we affirm the judgment of the trial court.
AFFIRMED

. Sometimes referred to in the record as “Warren Easton Senior High School Foundation, Inc.”

. The Orleans Parish School Board was granted summary judgment, which was affirmed by this Court. Hayes v. Sheraton Operating Corp., 14-0675 (La.App. 12/10/14), 156 So.3d 1193.