| | | |
|---|---|---|
| LLON MARK LAGARDE | * | NO. 2021-CA-0046 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| GEICO INDEMNITY | * | |
| COMPANY, LIBERTY | | FOURTH CIRCUIT |
| PERSONAL INSURANCE | * | |
| COMPANY AND RYAN | | STATE OF LOUISIANA |
| IBRAHAM ABUKHDEIR | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-06143, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Paula A. Brown)

William Roy Mustian, III
STANGA & MUSTIAN, APLC
3117 22nd Street; Suite 6
Metairie, LA 70002

      COUNSEL FOR PLAINTIFF/APPELLEE

Henry Minor Pipes, III
Susan M. Rogge
PIPES MILES BECKHAM, LLC
1100 Poydras Street; Suite 1800
New Orleans, LA 70163

      COUNSEL FOR DEFENDANT/APPELLANT

               **REVERSED AND RENDERED**
               **MAY 26, 2021**

Defendant, Liberty Personal Insurance Company (Liberty), appeals the trial court's granting of summary judgment in favor of Plaintiff, Llon Mark Lagarde, finding that he had full uninsured/underinsured motorist bodily injury (UMBI) coverage under the policy issued by Liberty. Given that Mr. Lagarde was limited to Economic-Only UMBI coverage, we reverse the trial court's judgment and render summary judgment in favor of Defendant.

**FACTUAL AND PROCEDURAL HISTORY**

On August 9, 2016, Mr. Lagarde was involved in an accident on U.S. 90 Business, in New Orleans. Thereafter, he filed suit against the driver, Ibraham Abukhdeir, GEICO Indemnity Company[1], and Liberty, as the alleged UMBI provider. Mr. Lagarde has settled his claims with Mr. Ibraham and GEICO for the policy limits, leaving Liberty as the only remaining defendant.

Mr. Lagarde filed a motion for summary judgment alleging that the UMBI selection form was invalid, thus he had full UMBI coverage for the accident. Liberty filed a cross-motion for partial summary judgment contending that Mr.

---

[1] GEICO was Mr. Abukhdeir's liability insurer.

1

Lagarde had validly selected Economic-Only UMBI coverage. After a hearing, the trial court granted summary judgment in favor of Mr. Lagarde, finding full UMBI coverage, and denied Liberty's cross-motion for partial summary judgment.[2] Subsequently, the trial court denied Liberty's motion for new trial. Liberty appealed and Mr. Lagarde answered the appeal.

## STANDARD OF REVIEW

It is well settled that motions for summary judgment are reviewed *de novo* on appeal. *Maradiaga v. Doe*, 15-0450, p. 4 (La.App. 4 Cir. 11/25/15), 179 So.3d 954, 957, *writ denied*, 15-2361 (La. 2/26/16), 187 So.3d 470 (citing *Quantum Resources Mgmt., L.L.C. v. Pirate Lake Oil Corp.*, 12–1472, p. 5 (La. 3/19/13), 112 So.3d 209, 214; *Garrison v. Old Man River Esplanade*, 13-0869, p. 3 (La. App. 4 Cir. 12/18/13), 133 So.3d 699, 701; La. C.C.P. art. 966). La. C.C.P. art. 966 provides that "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 (A)(3). "Whether an insurance policy provides for, or precludes, coverage as a matter of law is an issue that can be resolved within the framework

---

[2] The trial court designated the judgment as a final judgment pursuant to La. C.C.P. art. 1915(B)(1), which states:

> When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

2

of a motion for summary judgment." *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 12-1686, p. 9 (La. App. 4 Cir. 6/5/13), 118 So.3d 1203, 1212 (citations omitted).

## DISCUSSION

On appeal, Liberty challenges the trial court's judgment that invalidated Mr. Lagarde's electronically signed selection of Economic-Only UMBI coverage, arguing that his selection was valid. In response, Mr. Lagarde answered the appeal asserting that the selection form is invalid for two reasons: 1) he could not make a selection on the UMBI coverage form independent of the selection made during the application process; and 2) the online process did not permit him to initial his selection in violation of Supreme Court jurisprudence and the Commissioner of Insurance's directive.

The undisputed facts reveal that Mr. Lagarde obtained insurance from Liberty after completing an online application and receiving a quote. He maintains that he expressed to a representative that he desired full coverage on his vehicle. Mr. Lagarde electronically completed his policy documents, including an e-signature terms and conditions consent form and the UMBI coverage selection form. He electronically signed the documents on October 26, 2016. The electronic UMBI coverage form had pre-selected Economic-Only coverage based upon the online application and quote he received. The pre-selected information could not be changed and Mr. Lagarde did not inquire about changing the selections at any time before or after executing and returning the documents. There is no dispute that Mr. Lagarde electronically signed the policy documents. However, where an

3

initial was required, the document reflects that he executed his full electronic signature.

Generally, UMBI coverage is required by Louisiana law to be in the same amount as the policy limits of bodily injury liability coverage. *See* La. R.S. 22:1295(l)(a)(i). However, the law allows a named insured to select lower limits for UMBI coverage, reject UMBI coverage completely, or select Economic-Only UMBI coverage on a form prescribed by the Commissioner of Insurance. *Id.* In *Duncan v. U.S.A.A. Ins. Co.,* the Louisiana Supreme Court set forth six requirements for a valid UM form. *Duncan*, 06-0363 (La. 11/29/06), 950 So.2d 544. Those requirements are: 1) initialing the selection or rejection of coverage chosen; 2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; 3) printing the name of the named insured or legal representative; 4) signing the name of the named insured or legal representative; 5) filling in the policy number; and 6) filling in the date. *Id.* at 551. "A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage." La. R.S. 22:1295(1)(a)(ii).

This Court has addressed the validity of an electronically signed UMBI coverage form in *Addison v. Affirmative Ins. Co*., 17-0378, pp. 3-4 (La. App. 4 Cir. 11/15/17), 231 So.3d 753, 755-56, *writ denied*, 17-2061 (La. 2/2/18), 235 So.3d 1109. In *Addison*, the insured challenged the e-signed UMBI coverage selection

4

on two grounds: 1) the coverage was pre-selected based on an insurance quote obtained via telephone and could not be changed and 2) the insured's name and date did not appear in the designated area of the form. *Id.*, 17-0378, p. 3, 231 So.3d at 755. The insurer filed a motion for summary judgment based on the validity of the e-signed UMBI coverage form. *Id.*, 17-0378, p. 1, 231 So.3d at 754. The trial court granted the motion for summary judgment and the insured appealed. *Id.* This Court found that Mr. Addison's testimony that he desired and intended on purchasing full coverage did not overcome the presumption that the signed UMBI coverage form was valid. *Id.*, 17-0378, p. 4, 231 So.3d at 756. *See also Maradiaga*, *supra* (where this Court found that the insured failed to overcome the rebuttable presumption that he knowingly rejected coverage by electronically signing an UMBI rejection form, where motorist claimed only that the electronic format in which form had been prepared precluded his making changes to it and admitted that he did not know what the form said and that he had signed it so he could obtain insurance).

In addition, the Louisiana fifth circuit court of appeal, in *Jackson v. Liberty Personal Insurance Company*, 20-13 (La. App. 5 Cir. 7/2/20), 299 So.3d 1256, *writ denied*, 20-967 (La. 11/04/20), 303 So.3d 641, recently addressed the same issues raised in this appeal. In *Jackson*, the Court held that the fact that the insured obtained an insurance policy on-line and signed the pre-selected policy forms electronically did not invalidate her selection for UMBI coverage. *Id.*, 20-13, p. 12, 299 So.3d 1256, 1267. It further found that the fact that the insured approved

5

the selection by e-signature instead of e-initials did not invalidate her consent, explaining that it is "a question of identity and a representation of a person's willingness to be bound." *Id*., 20-13, p. 14, 299 So.3d at 1268 (internal quotation and citation omitted).

In this case, the form meets the criteria of *Duncan.* Mr. Lagarde electronically signed, rather than initialed, his selection of economic-only UMBI coverage, indicating his identity and intention to be bound. His name is printed on the form that was electronically signed by him and it contains the date and policy number. As this Court acknowledged in *Addison*, "'the Uniform Electronic Signature Law, La. R.S. 9:2602, *et seq*, applies to automobile insurance policies and required UM forms.'" *Addison*, 17-0378, p. 4, 231 So.3d at 756 (quoting *Maradiaga*, 15-0450 at p. 7, 179 So.3d at 959). The only evidence presented to rebut Mr. Lagarde's selection of economic-only coverage is his affidavit that he desired and intended on purchasing full coverage UM.

As in *Addison* and *Jackson*, we find that Mr. Lagarde failed to sufficiently rebut the presumption that the UMBI Economic-Only coverage form was valid. As such, the trial court erred in granting summary judgment in favor of Mr. Lagarde and against Liberty. Given that Mr. Lagarde was limited to Economic-Only UMBI coverage, we reverse the trial court's judgment and render summary judgment in favor of Liberty.

**REVERSED AND RENDERED**